IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD LEE GARNER, JR. § | | |
| TDCJ-CID NO. 562359 § | | |
| v. § | | C.A. NO. C-11-357 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is a state prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), and he is currently incarcerated at the Darrington Unit in Rosharon, Texas. Proceeding pro se, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. (D.E. 1). Pending is Respondent's motion to dismiss for lack of jurisdiction. (D.E. 16). Petitioner has failed to file a response.[1] For the reasons that follow, it is respectfully recommended that Respondent's motion to dismiss be granted, and that this habeas petition be dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where his state conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted in Calhoun County, Texas. (D.E. 1, at 4, 6, 8; D.E. 11, at 2). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(5).

## II. PROCEDURAL BACKGROUND

Petitioner pled guilty to burglary of a habitation in cause number 88-4-3684 as well as

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

attempted sexual assault in cause number 88-4-3688.  On August 1, 1988, he was sentenced to two ten-year terms of imprisonment with the TDCJ, with each term to be served concurrently.  (D.E. 16-1; D.E. 16-2).  Petitioner did not file a direct appeal in accordance with the terms of his plea agreement.  (D.E. 1, at 10; D.E. 11, at 6, 8).  His subsequent state habeas applications were dismissed.  (D.E. 1, at 10; D.E. 11, at 3-4, 7, 8).  Petitioner filed this petition for habeas relief on July 24, 2011, (D.E. 1, at 18; D.E. 16, at 2), and the petition was received by this Court on November 4, 2011.  (D.E. 1, at 1).

### III.  PETITIONER'S ALLEGATIONS

Petitioner generally challenges the validity of his convictions on the basis that he was found guilty without the use of any D.N.A. or other forensic evidence.  (D.E. 1, at 13-14; D.E. 11, at 6-7).

### IV.  DISCUSSION

Respondent urges that the petition be dismissed because, with respect to the convictions that Petitioner now seeks to collaterally attack, he does not meet the "in custody" requirement as required by federal habeas law.  (D.E. 16, at 1).  While he acknowledges that Petitioner is in TDCJ custody pursuant to three separate judgments and sentences from Texas state courts, he claims that those convictions are not the subject of this habeas petition.  Id. at 2; (D.E. 16-3, at 2-3).

**A.      Petitioner Fails to Demonstrate the "In Custody" Requirement.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme

Court has held that a district court has jurisdiction over a habeas petition only if the petitioner is "in custody" pursuant to the judgment under attack. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). For a petitioner to meet the "in custody" requirement, he must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). As a corollary, the challenged conviction must not have fully expired at the time of filing his petition. See id. at 491 ("We have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original). Furthermore, the "in custody" requirement is jurisdictional. Hendrix v. Lynaugh, 888 F.2d 336, 337 (5th Cir. 1989) (citing Maleng).

Petitioner is attacking the convictions entered in cause number 88-4-3684 and cause number 88-4-3688. (D.E. 1, at 4-8; D.E. 11, at 2). Given that he was sentenced to two concurrent ten-year prison terms on August 1, 1988, (D.E. 16-1; D.E. 16-2), these challenged state convictions should have already expired. This conclusion is further buttressed by the fact that TDCJ records no longer list either of these convictions in Petitioner's sentence report. (D.E. 16-3, at 2-3).

While Petitioner may attack an expired conviction when it is being used to enhance his current punishment, Godfrey v. Dretke, 396 F.3d 681, 684 (5th Cir. 2005) (citing Maleng, 490 U.S. at 490-91), the fact that he has failed to reference any of the convictions for which he is now presently incarcerated precludes any inference that this was his aim. Moreover, Respondent observes that he has already issued collateral challenges against his current holding convictions, and he is actively litigating those § 2254 habeas petitions in federal court. See, e.g., Garner v. Thaler, No. 11-CV-3779 (S.D. Tex.), appeal docketed, No. 11-51242 (5th Cir. Dec. 19, 2011);

Garner v. Director, No. 11-CV-193 (W.D. Tex.).

Petitioner has not shown that he is suffering a present restraint from a conviction. Maleng, 490 U.S. at 492. Accordingly, it is respectfully recommended that the Court lacks jurisdiction over this matter because he is not being held "in custody" within the meaning of AEDPA.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate

whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 16), be granted, and that this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 9th day of March 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).